IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN RAY WILKERSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-12-107 |
| JOHN WOLFE | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM**

The above captioned petition for writ of habeas corpus was initiated upon receipt of pleadings from petitioner indicating his desire to file a "grievance appeal" concerning the Division of Correction's (DOC) calculation of his maximum expiration date following the revocation of his mandatory release supervision. ECF No. 1. Petitioner claims that his release date was extended by 61 days to March 6, 2012, because the DOC "offset street time credits awarded by the Maryland Parole Commission by rescinding other credits earned by an inmate." ECF No. 1 at p. 6.

Petitioner explains that he was released on mandatory supervision from a ten year sentence for second-degree burglary beginning on January 5, 2002. Id. at p. 10. Petitioner was released on July 21, 2008, but returned to custody on March 13, 2009 on a retake warrant issued by the Maryland Parole Commission. On June 4, 2009, Petitioner was given a revocation hearing during which the Commission rescinded all diminution credits earned, but gave him street time credit for 235 days, covering the time between July 21, 2008 and March 13, 2009. *Id*. at pp. 8 and 17. According to the calculation provided to Petitioner by the DOC, he was out a total of 296 days, therefore, the difference between the time he spent on mandatory release

supervision and the time for which he received credit is 61 days, which was added to his original maximum expiration date. *Id*. at p. 19. Petitioner takes the position that adding these days is improper.

Release from custody under "mandatory supervision" in Maryland occurs where a sentence is reduced by all diminution of confinement credits earned by a prisoner. *See* Md. Code Ann., Corr. Serv. § 7-101(g). The "credits" or days earned are subtracted from the maximum expiration date of a term of confinement; the prisoner is released early and must remain on parole supervision until the maximum expiration date of the sentence. Mandatory release differs from parole as there is no eligibility hearing required before mandatory release occurs. When mandatory supervision is revoked, the Parole Commission is authorized to revoke any or all of the diminution of confinement credits earned prior to being released, but after revocation the inmate "may not be awarded any new diminution credits on the term of confinement for which the inmate was on mandatory supervision." Md. Code Ann., Corr. Serv. §7-504 (a) and (c). In cases where, as here, the Parole Commissioner does not award credit for all of the time between release and revocation (i.e., street time credit), the portion of time not awarded as credit must be served in prison. *See* Md. Code Ann. Corr. Serv. §7-401(d)(1).

Petitioner takes issue with the DOC's position that he must serve an additional 61 days on his original sentence because he was not awarded street time credit for that period of time. ECF No. 1 at pp. 5 and 6. The claim lacks merit. Further, sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is

cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Accordingly, by separate order which follows, the petition will be dismissed and a certificate of appealability denied.[1]

 

   January 20, 2012                                                    /s/
Date                                                          J. Frederick Motz
                                                              United States District Judge

---

[1] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U. S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U. S. 880, 893 (1983)). The petition in the instant case has not met this standard .